**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
e-Mail: kevin@kjclawgroup.com

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ROBERT FREUND, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CAPTAIN CAPITAL GROUP LLC, a New York limited liability company; and DOES 1 to 10, inclusive,

Defendants.

CASE NO.

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.***

(JURY TRIAL DEMANDED)

Plaintiff Robert Freund brings this class action complaint on behalf of himself and on behalf of all others similarly situated against Defendant Captain Capital Group LLC ("Captain Capital" or "Defendant") to stop Defendant's practice of sending unsolicited text messages to telephones of consumers nationwide in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows:

**NATURE OF ACTION**

1. Captain Capital is a self-described "merchant cash advance broker." *See* https://www.glassdoor.com/job-listing/merchant-services-sales-representative-captain-capital-group-llc-JV_IC1132200_KO0,38_KE39,64.htm?jl=1009885882596 ("At Captain Capital Group, we cater to a diverse clientele, from local "mom and pop" establishments generating $10,000 a month to large, publicly traded corporations with monthly revenues exceeding $10 million. Our mission is to provide tailored financial solutions that drive growth and success for businesses across various industries.").

2. The TCPA strictly forbids nuisance text messages exactly like those alleged in this Complaint—intrusive text messages to private cellular phones whose phone numbers are obtained without prior express consent of call recipients, and texts made to consumers who have requested not to receive messages (by virtue of placing their numbers on the National Do Not Call List).

3. The actions of Captain Capital violated the statutory rights of both Plaintiff and thousands of other class members. This class action, therefore, is the best means of obtaining redress for Captain Capital's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

4. Plaintiff seeks an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Robert Freund is an individual citizen and resident of Los Angeles, California.

6. On information and belief, Defendant Captain Capital Group LLC is a New York limited liability company with its principal place of business in Woodmere, New York.

7. Defendant DOES 1 to 10 are alter egos, affiliates, related companies, and/or agents of Captain Capital and/or parties otherwise responsible for the actions and omissions alleged herein. At this time, Plaintiff does not know the true names and forms of Does 1 to 10 and therefore sues these Defendants by fictitious names. Plaintiff alleges that these Doe Defendants are responsible in some manner for the acts and omissions alleged herein and that Plaintiff's damages were caused by these Doe Defendants. Once the true identities and forms of these Doe Defendants are ascertained, Plaintiff will amend his Complaint accordingly.

8. Each of the Defendants named herein are, and at all material times were, the agents, subagents, servants, employees, representatives, and/or alter-egos of each other, and purported to act within the scope of such agency, service, employment or representation in performing the acts and omissions described herein.

9. Each of the Defendants named herein acted in concert with each of the other Defendants as co-conspirators, agents, representatives, employees or servants and are therefore jointly and severally liable for the claims set forth herein, unless otherwise alleged.

## JURISDICTION AND VENUE

10. Specific jurisdiction over a non-resident defendant exists where: (1) "[t]he non-resident defendant . . . purposefully direct[s] [it]s activities or consummate[s] some transaction with the forum or resident thereof; or perform[s] some act by which [it] purposefully avails [it]self of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;" (2) the claim is one that "arises out of or

relates to" the defendant's activities in the forum state; and (3) the exercise of jurisdiction comports with "fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff need only establish the first two prongs, while it is the defendant's burden to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

11. ***Purposeful Availment.*** Under the first prong of the three-part test, "purposeful availment" includes both purposeful availment and purposeful direction, which are two distinct concepts. *Id.* Where a case sounds in tort, as here, courts employ the purposeful direction test. Purposeful direction requires the defendant have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citing *Schwarzenegger*, 374 F.3d at 802).

12. In determining whether phone calls are sufficient contacts with the forum state, district courts focus on whether the defendant "knew or should have known" that its calls or messages were sent into California. *Washington Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668, 678 (9th Cir. 2012), *abrogated on other grounds by Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017) ("Where [defendant] knew or should have known that [plaintiff] is a Washington company, [defendant's] intentional acts were expressly aimed at the state of Washington."); *Fabricant v. Fast Advance Funding, LLC*, No. 2:17-cv-05753-AB (JCx), 2018 WL 6920667, at *3 (C.D. Cal. Apr. 26, 2018) (in a TCPA case, finding the plaintiff sufficiently alleged personal jurisdiction where the defendant made unsolicited phone calls to the plaintiff's cell phone that had a California area code); *Naiman v. TranzVia LLC*, No. 17-CV-4813-PJH, 2017 WL 5992123, at *9 (N.D. Cal. Dec. 4, 2017) (noting that the defendant would be subject to personal jurisdiction if it had intentionally made unsolicited calls to the plaintiff's cell phone, which had a California area code); *Luna v. Shac, LLC*, No. C14-00607 HRL, 2014 WL 3421514, at *3 (N.D. Cal. July 14, 2014) (finding that the defendant expressly aimed its conduct at

California where some of the "thousands of similar unsolicited text messages" to the "general public" were sent to cell phones with California based area codes).

13. Here, Defendant purposely directed its conduct toward residents of Humboldt County, California. Defendant sent unsolicited text messages to Plaintiff's cellular device. Plaintiff's cellular device—which serves as his residential telephone—is assigned a (530) area code, which corresponds to a location in this district. Plaintiff received Defendant's unsolicited text messages on his cellular device while present in this district.

14. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, on information and belief, Defendant intentionally sent or transmitted, or intentionally caused to be sent or transmitted on its behalf, the same or substantially the same unsolicited text messages that Plaintiff received to at least thousands of phone numbers, many of which had a California area code (including (530)). Defendant's unsolicited text messages were expressly aimed at, and caused harm to, California residents. Defendant's messages are a nuisance, an invasion of privacy, and an expense to everyone who received them, including Plaintiff.

15. ***Claim Arising Out of Action in the Forum Prong.*** Under the second prong of the three-part specific jurisdiction test, personal jurisdiction exists where, as here, the claim "arises out of or relates to" the defendant's activities in the forum state. Courts in the Ninth Circuit use a "but for" test to determine whether the claim "arises out of" the nonresident's forum-related activities. In other words, the test is satisfied if the plaintiff would not have suffered loss "but for" the defendant's activities. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

16. Here, Defendant's contact with the forum—directing unsolicited text messages to recipients, including Plaintiff, in California (and elsewhere)—is the basis of its TCPA violations. But for Defendant's contact with the forum, Plaintiff (and the thousands of other individuals who received Defendant's unsolicited messages) would not have suffered harm.

17. ***Venue.*** Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendant:

a) is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District;

b) does substantial business within this District;

c) is subject to personal jurisdiction in this District because it has availed itself of the laws and markets within this District; and the injury to Plaintiff occurred within this District.

## TCPA BACKGROUND

18. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. 102–243, §2(5), Dec. 20, 1991, 105 Stat. 2394 (codified at 47 U.S.C. § 227).

### The TCPA Prohibits Automated Telemarketing Calls

19. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

20. Specifically, the TCPA prohibits the use of an automated telephone dialing system to make any telemarketing call or send any telemarketing text message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *see also Rules and Regulations Implementing the Telephone Consumer Protection Act*, 27 FCC Rcd. 1830, 1831 (2012 order).

21. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

22. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

23. Under the TCPA, the burden is on the seller to have obtained and documented, and to prove, prior express written consent.

24. The TCPA also requires that those who make telemarketing calls have an internal written policy pertaining to "Do Not Call" requests. *See* 47 C.F.R. § 64.1200(d) (requiring telemarketers to have or maintain a procedure for maintaining a do-not-call list; the regulation provides that businesses are prohibited from "initiat[ing] . . . any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity."); *see also Powers v. One Techs., LLC*, No. 3:21-cv-2091, 2022 WL 2992881, at *2 (N.D. Tex. July 28, 2022) (finding "that § 64.1200(d) was issued to further the privacy right in § 227(c)," so "the private right of action contained in § 227(c) reaches violations of § 64.1200(d)" (footnote omitted)).

**FACTUAL ALLEGATIONS**

25. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

26. Defendant, as explained above, is a merchant cash advance broker.

27. Plaintiff's telephone number, 530-XXX-1654, is a cellular telephone line, which serves as Plaintiff's residential telephone.

28. Since 2012, Plaintiff's telephone number, 530-XXX-1654, has been registered on the National Do Not Call Registry.

29. On November 20 and 21, 2025, Defendant sent the following unsolicited marketing text messages to Plaintiff, from the telephone number 561-290-5344.


+1 (561) 290-5344
Text Message • SMS
Yesterday 10:19 AM
?
FUNDING up to $1 Million
We can also BUY OUT and CONSOLIDATE any open MCA positions
Would this FUNDING work for you
Today 8:00 AM
We just rolled out a new Line of Credit program. We can have you approved for up to $1 Million. How much can you utilize?

///

30. Plaintiff did not provide his prior express written consent to receive the telemarketing solicitations at issue.

31. Solely to determine who had texted him, Plaintiff responded to the messages by asking: "What's the name of your business? Where are you located?" Defendant responded as follows:




32. The calls and messages received by Plaintiff were sent for the purpose of encouraging him to purchase goods or services from Defendant—namely, to induce

Plaintiff to purchase Defendant's loan consolidation services. These calls and messages therefore qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

33. Plaintiff and all members of the classes defined below have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls and texts that constitute a nuisance. The calls and messages also occupied Plaintiff's telephone line from legitimate communication.

## CLASS ACTION ALLEGATIONS

34. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the following classes of persons or entities similarly situated throughout the United States.

35. The classes of persons Plaintiff proposes to represent are tentatively defined as:

DO NOT CALL CLASS

All persons within the United States whose telephone numbers were registered on the National Do Not Call Registry who: (a) within the four years prior to the filing of this Complaint, and (b) received more than one telemarketing phone call or text message within a 12-month period from Defendant or anyone acting on its behalf.

***CA DO NOT CALL SUBCLASS***

All persons within California whose telephone numbers were registered on the National Do Not Call Registry who: (a) within the four years prior to the filing of this Complaint, and (b) received more than one telemarketing phone call or text message within a 12-month period from Defendant or anyone acting on its behalf.

36. Excluded from the classes are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

37. The members of the classes as defined above are identifiable through phone records and phone number databases.

38. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

39. Plaintiff is a member of the classes.

40. There are questions of law and fact common to Plaintiff and to the proposed class members, including but not limited to the following:

a. Whether Defendant's calls and messages are solicitations;

b. Whether Defendant placed calls without the recipients' prior express written consent for the call;

c. Whether Defendant placed calls to consumers whose telephone numbers are registered on the National Do Not Call Registry;

d. Whether Defendant has a written policy, available upon demand, for maintaining a do-not-call list;

e. Whether Defendant complied with 47 C.F.R. § 64.1200(d)(2), which provides that persons who are engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list; and

f. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

41. Plaintiff's claims are typical of the claims of class members.

42. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

43. The actions of the Defendant are generally applicable to the classes as a whole and to Plaintiff.

44. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of

class members, which will be ascertainable from records maintained by Defendant and/or its agents.

45. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**COUNT ONE**

**Violations of the TCPA**

**(47 C.F.R. § 64.1200(c)(2))**

46. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

47. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

48. Under 47 C.F.R. § 64.1200(c)(2), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations."

49. The FCC has explicitly determined that the DNC Registry provision of the TCPA applies to personal cellphone numbers. See 47 C.F.R. § 64.1200(e); see also In re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014, 14039, ¶ 36 (F.C.C. 2003) ("[W] will presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.'").

50. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(c) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

51. Plaintiff and the Do Not Call Class members had their telephone numbers registered on the National Do Not Call Registry, indicating their intent to be free from telemarketing solicitations.

52. Defendant and/or its agents failed to honor the Do Not Call Class members' registrations and as a result, each Class member received two or more such solicitation calls in a 12-month period without prior consent and without an established business relationship.

53. Upon information and belief, Defendant has not instituted written procedures to comply with the national do-not-call rules, pursuant to 47 C.F.R. § 64.1200(c).

54. Defendant's calls were made for a commercial purpose.

55. Because Plaintiff and the Do Not Call Class members received more than one solicitation calls in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(c)(2), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

56. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

57. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

58. Plaintiff and the Do Not Call Class members also suffered damages in the form of invasion of privacy, wasted time, harassment, and frustration.

59. Plaintiff and the Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT TWO**

**Violations of the TCPA**

**(47 C.F.R. § 64.1200(d))**

60. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

61. 47 C.F.R. § 64.1200(d)(1)–(3) requires persons or entities that make "calls for telemarketing purposes" to have certain mandated safeguards, including a written policy, available upon demand, for maintaining a do-not-call list. 47 C.F.R. § 64.1200(d)(1).

62. 47 C.F.R. § 64.1200(d)(2) provides that persons who are engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list. Courts have found violations of 47 C.F.R. § 64.1200(d)(2) where defendants continue to make unsolicited phone calls despite a plaintiff's request to be placed on a do-not-call list. *See Andrews v. All Green Carpet & Floor Cleaning Serv.*, No. 5:14–cv–00159–ODW(Ex), 2015 WL 3649585, at *5 (C.D. Cal. June 11, 2015); *Kazemi v. Payless Shoesource Inc.*, No. C 09–5142 MHP, 2010 WL 963225, at *3 (N.D. Cal. Mar. 16, 2010).

63. Because Defendant failed to meet these requirements in violation of 47 C.F.R. § 64.1200(d)(1) and (2), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

64. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

65. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

66. Plaintiff and the Do Not Call Class members also suffered damages in the form of invasion of privacy, wasted time, harassment, and frustration.

67. Plaintiff and the Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, for himself and all members of the Classes, Plaintiff requests the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from using pre-recorded messages;

F. An award to Plaintiff and the Classes of damages, as allowed by law, including treble damages and attorneys' fees;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the Classes, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

DATED: November 21, 2025 Respectfully submitted,

**KJC LAW GROUP, A.P.C.**

By: *<u>/s/ Kevin J. Cole</u>*
Kevin J. Cole

*Attorneys for Plaintiff and the Proposed Class*